F I L E D
United States Court of Appeals
Tenth Circuit

JAN 11 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LARRY N. CHAMBERS, SR.,

    Plaintiff-Appellant,

v.

BYRON MCCLENNEY, individually
and in his official capacity as President
of the Community College of Denver;
JERRY WARTGOW, individually and
in his official capacity as President of
the State Board for Colorado
Community Colleges and Occupational
Education; MARY ELLEN
MCELDOWNEY, individually
and in her official capacity as
Vice-President for Legal Affairs for the
State Board of Colorado Community
Colleges and Occupational Education;
GLENDA BARRY; ROLF
ANDERSON; SUSAN AYRES
DAVIES; JOHN FREW; JULIANNE
HAEFELI; WILLIAM HORNBY;
KRISTY SCHLOSS; RALPH TORRES;
RAYMOND WILDER, in their official
capacities as voting members of the
State Board for Community Colleges
and Occupational Education;
COLORADO STATE BOARD FOR
COMMUNITY COLLEGES AND
OCCUPATIONAL EDUCATION,

    Defendants-Appellees.

No. 97-1468
(D.C. No. 97-N-125)
(D. Colo.)

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff appeals from summary judgment entered in favor of defendants in this employment discrimination action. Following his termination as Human Resource Director for the Community College of Denver (CCD), plaintiff brought suit for injunctive relief, back pay, and damages against CCD and its president, as well as others less directly involved in the operative events. Although plaintiff initially pled several statutory causes of action, during the proceedings he has narrowed his claims to age and race discrimination, and related retaliation, under Title VII of the Civil Rights Act of 1964.

The district court held (1) plaintiff, a black man over the age of forty who was fired and replaced by a younger Asian woman within a year of complaining

---

*       This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

about his allegedly discriminatory salary, demonstrated a prima facie case of discrimination/retaliation; (2) defendants advanced a legitimate reason for his termination, namely substantial and vocal faculty/staff dissatisfaction with his performance as human resource director; and (3) plaintiff failed to present evidence sufficient to create a triable issue that this reason was pretextual. See Trujillo v. University of Colo. Health Sciences Ctr., 157 F.3d 1211, 1215 (10th Cir. 1998) (summarizing applicable burden-shifting analysis). We review this determination de novo, see id. at 1213, and affirm.

We agree with the district court that significant criticism by the personnel whom plaintiff was employed to assist and advise constituted a legitimate reason for termination. We turn, then, to the issue of pretext, which is the focus of this appeal. The district court explicitly rejected two primary arguments advanced by plaintiff on this issue. First, regarding an alleged pay disparity between plaintiff and some other CCD administrators, the court held plaintiff had not shown that those paid more were situated similarly enough to permit probative comparison. The court also noted that a pay disparity would not, in any event, undercut the reason advanced for plaintiff's *termination*.[1] Plaintiff insists the evidence was relevant to his retaliatory discharge claim, because it was his complaining about

---

[1] On appeal, plaintiff does not contend the pay disparity is, in itself, a distinct claim that should have been addressed as such by the district court. He argues it solely as a basis for finding pretext in connection with his termination.

the pay disparity that allegedly prompted defendants to fire him.    See Appellant's Opening Br. at 18.  Plaintiff mixes evidentiary apples and oranges here.  His effort to justify complaints over pay equity do not prove the distinct proposition that those complaints--warranted or not--led to his termination.

The district court also rejected plaintiff's attack on the unfavorable staff survey completed shortly before his termination.  Plaintiff contended it was improperly designed and interpreted, and claimed the complaints elicited about his performance were unfounded and racially motivated.  The court correctly held that the latter claim reflected only plaintiff's unsubstantiated suspicions, which were not rendered admissible or probative simply by inclusion in a rambling thirty-seven page "affidavit."    See Murray v. City of Sapulpa  , 45 F.3d 1417, 1422 (10th Cir. 1995) ("To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.") (quotation omitted);  Conaway v. Smith  , 853 F.2d 789, 794 (10th Cir. 1988) (to defeat summary judgment, "a party cannot rest . . . on speculation, or on suspicion").

As for the design/use of the survey, aside from an inadmissible hearsay comment from an alleged expert about the lack of a written methodology, plaintiff's challenge consisted of (1) a generic complaint that it was not conducted in accordance with his wishes, and (2) his unsubstantiated opinion that

biases of negative respondents skewed the results and gave a false impression of his general standing with staff. We agree with the district court that for the purpose of showing pretext, this evidence was incompetent, <u>see</u> authorities cited immediately above, and/or insufficiently probative, <u>see</u> <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1129 (10th Cir. 1998) (evidence showing only employer's reliance on erroneous information insufficient to defeat summary judgment at pretext stage); <u>see also</u> <u>Reynolds v. School Dist. No. 1</u>, 69 F.3d 1523, 1535-36 (10th Cir. 1995) (true motivating reason not shown to be pretext merely because, in hindsight, it involved poor business judgment).

Plaintiff argues that several additional items of evidence, not addressed by the district court, bolster his showing of pretext. We have reviewed these and conclude they do not undermine the validity of the summary judgment entered for defendants. For example, he notes the last routine evaluation by his immediate supervisor found him "highly successful," and he argues that subsequent use of a survey to assess the staff's views was an improper deviation from standard practice. The performance evaluation, unsigned by the CCD president (defendant Byron McClenney) who fired plaintiff, and relating in any event to a time period prior to the crisis in staff confidence prompting (and reflected by) the survey, does not imply any motive other than an attempt to deal with that crisis. And

there is no indication that the survey, a practical response to an evident problem, violated any specified personnel rule or policy.

Plaintiff claims a nonparty supervisor told him that his non-minority predecessor had also been the target of complaints, but these were ignored by McClenney. In addition to the obvious hearsay problem, this statement, which does not specify the source, subject, severity, or frequency of the ignored complaints, hardly constitutes competent probative evidence of disparate treatment. See Murray , 45 F.3d at 1422. Similar admissiblity/specificity problems attend his claim that the same supervisor told McClenney that he felt plaintiff's department was doing a good job.

Plaintiff states that on one occasion McClenney refused to give him requested feedback about staff complaints, which McClenney would not even acknowledge. This isolated anecdote, portraying McClenney as unforthcoming about matters which on many other occasions he pursued with persistence and vigor, is uncharacteristic, but considered with all of McClenney's pertinent conduct, it does not undercut the cited basis for plaintiff's termination. At most it reflects a lapse in supervisory communication, which in itself is not a cognizable basis for a Title VII claim. See generally Archuleta v. Colorado Dep't of Institutions , 936 F.2d 483, 487 (10th Cir. 1991) (Title VII prohibits specified discrimination, but does not broadly ensure fair treatment in other respects).

-6-

Plaintiff also claims McClenney expressly recognized his department's role as a lightning rod for staff dissatisfaction, and suggests this "concession" precluded McClenney from holding plaintiff personally responsible for criticism of the department. But, certainly, McClenney was entitled to distinguish such routine, low-level grousing from the crisis in confidence cited as the basis for terminating plaintiff.

Finally, plaintiff advances some additional objections concerning the survey. He complains that it was designed in accordance with McClenney's direction--as if the implementation of the concerns and objectives of the most important user of this assessment tool somehow implicated improper motives not otherwise evident from its content. Plaintiff's criticism that McClenney did not discuss the survey results with him is, again, a generic workplace grievance over supervisory communication outside the scope of Title VII.

In sum, plaintiff has failed to demonstrate the existence of legal or factual issues barring summary judgment. The judgment is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge